# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

VNB NEW YORK CORP.,

    Plaintiff,

v.                                                                                                                    Case No. 10-C-0642

THOMAS M. CALAWAY, JR.,

    Defendant.

## ORDER

Presently before the court is plaintiff VNB New York Corp.'s motion for summary judgment (Dkt. 15) which will be granted for the reasons set forth herein.

## BACKGROUND

The following facts come from plaintiff's unopposed Proposed Findings of Fact. ("POPF", Dkt. #17.) On or about January 14th, 2009, defendant Thomas M. Calaway, Jr. executed a Promissory Note and Change in Terms Agreement (collectively, the "Note") in favor of Park Avenue Bank. (PFOF at ¶ 3.) In exchange for the signed Note, Park Avenue Bank disbursed $900,000 to Mr. Calaway Jr. (PFOF at ¶ 5.) VNB is the successor-in-interest to Park Avenue Bank. (PFOF at ¶ 4.)

Mr. Calaway Jr. has failed to make any payments on the Note since March 4, 2010. (PFOF at ¶ 6.) On June 23, 2010, plaintiff notified Mr. Calaway Jr. that it was increasing the interest rate in accordance with the provisions in the Note due to his lack of payment. (PFOF at ¶ 7.) The amount due on June 1, 2010 was $927,824.43. Interest accrued interest at a rate of $199.91 per day

through June 23, 2010, the date VNB raised the interest rate. Thereafter interest accrued at a rate of $599.73 per day. (PFOF at ¶¶ 8 - 9.) The Note provides that in the event of default, Mr. Calaway Jr. was required to pay any expenses related to collection, including attorney's fees. (PFOF at ¶ 10.) Attorney's fees currently amount to $8,279.56. (PFOF at ¶ 11.)

On July 28, 2010 VNB filed suit against Mr. Calaway Jr. who appeared and filed an answer to the complaint. (Dkt. #12.) Then, on March 15, 2011, VNB filed the motion for summary judgment which is presently before the Court. Three months have passed but defendant has filed no response to VNB's motion for summary judgment.

## ANALYSIS

This Court has jurisdiction over this matter because the parties are diverse. Plaintiff is incorporated in New York, defendant is a citizen of Wisconsin, and the amount in dispute exceeds $75,000. 28 U.S.C. § 1332(a) (2006).

I. **Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *McNeal v. Macht*, 763 F. Supp. 1458, 1460-61 (E.D. Wis. 1991). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party moving for summary judgment or responding thereto must comply with the local rules of the district in which the motion is brought. *See Koszola v. Bd. of Ed. of City of Chicago*, 385 F.3d 1104, 1109 (7th Cir. 2004); *See also Tatalovich v. City of Superior*, 904 F.2d 1135, 1140

(7th Cir. 1990) (affirming district court's reliance on local procedural to grant summary judgment against party who failed to comply with such rules).

In this district, Civil L.R. 56 sets forth specific summary judgment procedures that parties are required to follow. This rule requires that the party moving for summary judgment submit either an agreed upon stipulation of facts, or "a statement of proposed material facts as to which the moving party contends there is no genuine issue." Civil L.R. 56(b)(1)(C). The opposing party must then file a "concise response to the moving party's statement of facts," particularly "in the case of any disagreement, specific references to the affidavits." Civil L.R. 56(b)(2)(B). The rule further provides that "the Court will deem uncontroverted statements of material fact admitted solely for the purpose of deciding summary judgment." Civil L.R. 56(b)(4).

To defeat a plaintiff's motion for summary judgment, Rule 56(e) requires a non-moving defendant to do more than simply rest on its answer to the plaintiff's complaint. *See* Fed. R. Civ. P. 56(e). Rather – at a minimum – such a defendant must respond with some sort of evidence tending to show that a genuine factual dispute exists. *See id.* By failing to so respond a defendant faces a number of consequences. The first consequence of failing to respond is that the court may accept the stipulated facts from moving party other party as true. Civil L.R. 56(b)(4). The second consequence is that the court may, if appropriate, grant summary judgment in favor of the moving party. *See* Fed. R. Civ. P. 56(e). In the present case, defendant has provided this Court with no reason to not adopt the proposed facts provided by the plaintiff for the purpose of summary judgment.

**II. Breach of Contract Claim**

Here VNB has alleged that Mr. Calaway Jr. breached a contract. Because VNB is both the plaintiff and the party moving for summary judgment it must show that it undisputedly meets each

element of its breach of contract claim. This it has done. Due to a choice of laws clause in the Note, New York state law applies to the substantive matters of the contract. WIS. STAT. § 401.301(1) (2009-10). In the state of New York, the elements of a cause of action for breach of contract are (1) formation of a contract between plaintiff and defendant, (2) performance by plaintiff, (3) defendant's failure to perform, and (4) resulting damage. *Furia v Furia*, 498 N.Y.S.2d. 12 (N.Y. App. Div. 2003); *see Ascoli v Lynch*, 769 N.Y.S.2d 567 (N.Y. App. Div. 1986) (citing Pattern Jury Instruction 4:1).

There is no dispute over the first element: Defendant's answer admits to the formation of a contract. (Answer to Amended Complaint of Plaintiff, Dkt #12 at ¶ 4.) The second element is met because Park Avenue Bank performed its end of the contract on January 14, 2009 by disbursing the sum of $900,000 to Mr. Calaway Jr. (PFOF at ¶ 5.) Defendant has failed to perform his end of the contract – satisfying the third element – because he has not made the required payments on the Note since March 4, 2010. (PFOF at ¶ 6.) Finally, there is no genuine dispute as to the fourth element of damages: defendant's failure to make payments has resulted in a monetary loss for plaintiff. (PFOF at ¶¶ 5, 8.)

Here plaintiff has undisputedly met all the elements required to prove a breach of contract by the defendant under New York law. Even when viewing all the facts in a light most favorable to the non-moving party there is no genuine dispute to any material fact that may affect the outcome of this suit. Therefore, summary judgment in favor of VNB is appropriate.

### III. Attorney's Fees

New York state law applies to attorney fees as well. The rule in New York is that "... the court should not infer a party's intention to waive the benefit of the ["American"] rule unless the intention to do so is unmistakably clear from the language of the promise." *Hooper Associates,*

*Ltd. v. AGS Computers, Inc.*, 548 N.E.2d 903, 905 (N.Y. 1989). The Note states in plain language that the borrower will owe the lender reasonable attorney's fees in any efforts to collect on the Note. The Note also provides for this right to transfer to any successors in interest. Thus it is unmistakably clear that the lender may collect attorney's fees in this court action, and that the privilege to collect these fees is transferred to VNB as the successor-in-interest. Therefore, VNB is entitled to reasonable attorney's fees.

### IV. Amount Awarded

Judgment should award the relief that the party is entitled to, even if the relief demanded in the motion for summary judgment is not in the pleadings. Fed. R. Civ. P 54(c). The amount owed on June 1, 2010, was $927,824.43. (PFOF at ¶ 8.) Interest accrued at a rate of $199.91 per day from June 1, 2010, through June 23, 2010, for a total of $4,597.93. (PFOF at ¶ 9.) Interest then accrued at a rate of $599.73 per day from June 24, 2010, to June 15, 2011, for a total of $213,503.88. (PFOF at ¶ 9.) VNB is therefore entitled to judgment for principal and interest on the Note in the total amount of is $1,145,926.24. The lawyer's fees add an additional $8,279.56, bringing the total to $1,154,205.80. (PFOF at ¶ 11.)

### CONCLUSION

Accordingly and for the reasons given above, plaintiff's motion for summary judgment (Dkt. 15) is **granted**. VNB New York Corp. is entitled to judgment against the defendant in the amount $1,153,606.07, together with statutory costs. The clerk is directed to enter the judgment forthwith.

Dated this 15th day of June, 2011.

s/ William C. Griesbach
WILLIAM C. GRIESBACH
United States District Judge